1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                    Plaintiff,

     v.

ISAIAH M. CAMPBELL,

                    Defendant.

CASE NO. 23-5358

ORDER

This matter is before the Court on Defendant Isaiah M. Campbell's motion to Quash the Government's DNA Warrant. Dkt. 70. The motion is **DENIED** and the corresponding hearing set for this afternoon, Monday March 25, 2024, is **STRICKEN**.

## I.   BACKGROUND

The Government charged Isaiah M. Campbell with illegally possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Dkt. 4. The case went to trial for the first time in March 2024 and ended in a hung jury. The Government notified the Court of its intent to re-try the case, and on March 19, 2024, it sought and obtained from Magistrate Judge Grady J. Leupold a warrant to obtain a buccal DNA sample from Campbell. Dkt. 70-2.

1

2      Campbell filed a motion to quash the warrant. Dkt. 70. The Court held an

3   emergency teleconference hearing with the parties on March 19. Dkt. 71. The Court

4   requested additional briefing, which was submitted March 22.

5      Campbell argues that the government's affidavit in support of the warrant does

6   not meet the standard of probable cause because "[u]nless and until a useable DNA

7   profile is developed from biological material found on the gun, or at least until it is

8   established that such a profile is likely to be found, it logically impossible to conclude

9   that there is probable cause to believe the collection of biological samples from Mr.

10  Campbell will lead to material evidence in this case." Dkt. 70 at 3.

11      Campbell's support for this argument rests largely on evidence and testimony

12  from the first trial. This includes the fact that the Government has not determined

13  whether there is any biological material on the suspect firearm suitable for making a

14  DNA comparison. Two witnesses testified that finding any biological material containing

15  DNA from the firearm was statistically unlikely. Agent Radosevich testified "that DNA

16  was recovered from firearms in only a small fraction of the cases in she submitted

17  firearms for DNA processing" and that of the ten to fifteen times she submitted for such

18  evidence, she only received fingerprints or DNA evidence back "approximately two

19  times." Dkt. 70 at 2. Tacoma Police Officer Shawn Gustason similarly testified that he

20  "submitted firearms for DNA or fingerprints perhaps two dozen times and received

21  positive results only once." *Id*. Campbell points to the fact that the Agent Radosevich's

22  affidavit in support of the search warrant to obtain his DNA "is silent on the evidence of

1  statistical unlikelihood that the government presented to the jury." *Id*. Consequently, he

2  argues the warrant lacks probable cause.

3        The Government contests that this Court has authority to quash or stay a motion's

4  execution once a magistrate judge determines there is probable cause. Dkt. 72 at 1.  Even

5  if the Court has such authority, it asserts that DNA sampling is independently authorized

6  by 34 U.S.C. § 40702(a)(1)(A) because Campbell is "facing charges" for a felony

7  offense. *Id*. at 2.

## II.   DISCUSSION

9        Search warrants are governed by Federal Rule of Criminal Procedure 41. *See* Fed.

10  R. Crim. P. 41(d)(2). "The Fourth Amendment dictates that 'no Warrants shall issue, but

11  upon probable cause[.]'" *United States v. Fisher*, 56 F.4th 673, 682–83 (9th Cir. 2022)

12  (quoting U.S. CONST. Amend. IV). Magistrate Judges have the authority to make a

13  probable cause determination and validate a search warrant. After the warrant's

14  execution, "a defendant may move to suppress evidence in the court where the trial will

15  occur, as Rule 12 provides." Fed. R. Crim. P. 41(h).

16        Campbell's attempt to quash or stay the warrant authorizing the Government to

17  collect his DNA is **DENIED**. Because there is clearly probable cause to collect his DNA

18  under any standard of review, the Court declines to analyze the issue what circumstances

19  enable a district court judge to stay or quash a search warrant before execution. The Court

20  notes that the Government argues persuasively that it is generally inappropriate for a

21  district court to stay or quash a search warrant before the Government executes it.

22  Though there are cases where the facts warrant such action, none are present here. The

1    cases Campbell cites where defendants successfully quashed or stayed a search warrant

2    pre-execution do not resemble the facts in his case.

3        The Court disagrees with Campbell's arguments regarding probable cause for his

4    DNA. He correctly defines probable cause as requiring "a quantum of evidence sufficient

5    to convince a fair minded person that the sought item is evidence of a crime." Dkt. 70 at

6    2–3. The evidence before Magistrate Judge Leupold demonstrates more than a "quantum"

7    of evidence that Campbell's DNA could help establish that he possessed a firearm.

8    Under the totality of this case's circumstances, there was sufficient evidence in the record

9    before Judge Leupold for him to issue the warrant.

10       The Court notes that 34 U.S.C. § 40702(a)(1) gives broad authority for collecting

11   DNA from individuals already convicted of felonies and those facing felony charges. In

12   his response, Campbell asserts that the statute does not apply to him because he is not

13   currently in custody. Dkt. 73 at 12. He also asserts that he has already given buccal swabs

14   from past federal criminal cases and that his DNA should "already be in the CODIS

15   system." *Id*. at 13. The Government has not made any representations about whether it

16   searched CODIS for his DNA or discussed the applicability of 34 U.S.C.

17   §40702(a)(1)(B)(3), which allows for additional samples from individuals already in

18   CODIS.

19       Although the Court concludes that there is insufficient support in the facts and law

20   applicable to Campbell's case to warrant the extraordinary relief of quashing a search

21

22

warrant, it does not by this order preclude later granting a *Franks*[1] hearing or a motion to suppress, as the Government suggests is the appropriate procedure, if Campbell seeks to exclude this evidence.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the motion to quash or stay the warrant for DNA sampling, Dkt. 70, is **DENIED**. The Oral argument is not required. Accordingly, the hearing on this motion is **STRICKEN.**

Dated this 25th day of March, 2024.

_____
BENJAMIN H. SETTLE
United States District Judge

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978), when a defendant makes a substantial preliminary showing that the police procured a warrant to search with deliberate or reckless misrepresentations in the warrant affidavit, and where such statements were necessary to the finding of probable cause, the Fourth Amendment entitles the defendant to an evidentiary hearing to show the warrant was invalid.