UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ISAIAH M. CAMPBELL,<br><br>　　　　Defendant. | CASE NO. 23-5358<br><br>ORDER |

This matter is before the Court on Defendant Isaiah M. Campbell's motion to dismiss his indictment under the commerce clause. Dkt. 76. The Court is bound by *United States v. Alderman*, 565 F.3d 641, 644-45 (9th Cir. 2009), which precludes his arguments. His motion is DENIED.

On October 4, 2023, police seized a gun from Campbell's car after he abandoned his car and fled from officers. In December 2023, Campbell was indicted for unlawfully possessing a firearm as a felon under 18 U.S.C. § 922(g)(1). Dkt. 4. Though he denies possessing the firearm, he concedes the fact that he had a felony conviction at the time of his arrest which prohibits him from possessing a firearm. Dkt. 76 at 2. His March 2024

trial ended in a mistrial because the jury could not reach a verdict. Retrial is set for May 2024.

Campbell now moves to dismiss his indictment, arguing that Congress exceeded its power under the Commerce Clause in criminalizing any person convicted of a felony from possessing a firearm. Dkt. 76. He contends that "Congress's Commerce Clause power does not extend to firearm or ammunition possession because simply possessing a gun or ammunition is not a commercial activity, and the jurisdictional hook written into § 922(g) is impermissibly broad." *Id*. at 1. He acknowledges that in *Scarborough v. United States*, the Supreme Court upheld Section 922(g)(1)'s predecessor against a Commerce Clause challenge, concluding the statute passed muster because it contained "the minimal nexus that the firearm have been, at some time, in interstate commerce." 431 U.S. 563, 575 (1977). He argues, however, that *Scarborough* is inconsistent with the Supreme Court's modern Commerce Clause jurisprudence beginning with *United States v. Lopez*, 514 U.S. 549 (1995). *Id*. at 9. He acknowledges that the Ninth Circuit rejected this argument in *United States v. Alderman*, 565 F.3d 641, 644-45 (9th Cir. 2009). He concedes that this Court may be "bound by *Alderman* but files this motion to preserve the issue for purposes of appeal." *Id*. at 3 n. 1.

The United States argues that *Alderman* is binding and that it precludes indulging Campbells arguments here.

The Court agrees. *Scarborough* and *Alderman* require the Court to deny Campbell's motion. The Court observes that another court in this District rejected a motion raising Campbell's same arguments in *United States v. Cao*, 2:22-cr-00028-JLR

(Dkt. No. 65). The Court finds persuasive and adopts that court's analysis of the legal history and doctrinal issues. In sum, *Alderman's* rational that "[a]ny doctrinal inconsistency between *Scarborough* and the Supreme Court's more recent decisions is not for this Court to remedy" holds true here. 565 F.3d at 648.

## I. ORDER

Therefore, it is hereby **ORDERED** that Campbell's motion to dismiss his indictment under the Commerce Clause, Dkt. 76, is **DENIED**.

Dated this 11th day of April, 2024.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge