UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ISAIAH M. CAMPBELL,<br><br>　　　　　Defendant. | CASE NO. 23-5358<br><br>ORDER |

This matter is before the Court on Defendant Isaiah M. Campbell's motion to dismiss the indictment under the Second Amendment. Dkt. 78. The Court is bound by Supreme Court and Ninth Circuit precedent that preclude Campbell's arguments. His motion is **DENIED**.

On October 4, 2023, police seized a gun from Campbell's car after he abandoned his car and fled from officers. In December 2023, Campbell was indicted for unlawfully possessing a firearm as a felon under 18 U.S.C. § 922(g)(1). Dkt. 4. Though he denies possessing the firearm, he concedes the fact that he had a felony conviction at the time of his arrest which prohibits him from possessing a firearm. Dkt. 76 at 2. His March 2024

ORDER - 1

trial ended in a mistrial because the jury could not reach a verdict. Retrial is set for May 2024.

Campbell moves to dismiss his indictment because he argues the charging statute, 18 U.S.C. § 922(g), is constitutionally infirm, both facially and as applied to him under the Second Amendment. Dkt. 78.[1] He argues that the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022) upended circuit precedent and requires this Court to conclude that section 922(g)(1) is unconstitutional.

The Government argues that longstanding Supreme Court precedent confirms the constitutionality prohibiting convicted felons from possessing firearms and that "*Bruen* supports applying the precedent affirming section 922(g)(1)." Dkt. 83[2] at 1. It argues further that the Ninth Circuit has repeatedly upheld section 922(g)(1), and "held felon-in-possession statute is constitutional in all its applications—that is, without regard to whether the prior felony was dangerous—because Congress can, consistent with the Second Amendment, prohibit firearm possession by individuals convicted of serious crimes." *Id.* at 5, 9 (citing *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010); *United States v. Phillips*, 827 F.3d 1171, 1174–76 (9th Cir. 2016); *Van Der Hule v. Holder*, 759 F.3d 1043, 1050–51 (9th Cir. 2014)). Because Campbell cannot show that *Bruen* is clearly irreconcilable with Ninth Circuit precedent upholding section 922(g)(1), the Government argues the Court must deny his motion. *Id.* at 5.

---

[1] Campbell's motion to file an overlength motion, Dkt. 77, is GRANTED.

[2] The Government's motion to file an overlength response brief, Dkt. 82, is GRANTED.

1    The Court agrees. It is bound by Supreme Court and Ninth Circuit precedent
2    upholding the constitutionality of section 922(g)(1). Campbell fails to show that *Bruen* is
3    clearly irreconcilable with any of this precedent. He is far from the first defendant to try,
4    and courts, including this one in *United States v. Rima*, CR23-5070 BHS, Dkt. 63, have
5    uniformly rejected the argument. *See also United States v. Cao*, CR22-028-JLR, Dkt.65;
6    *United States v. Jaquan Jackson* CR22-037 RSL, Dkt. 73; *United States v. Robby Lee*
7    *Robinson* CR2-212 TL, Dkt. 82; *United States v. Brian C. Tillman* CR23-5197 DGE,
8    Dkt. 85; *United States v. Jason William Hindman* CR23-5062 DGE, Dkt. 53. Given that
9    Campbell's motion raises the same arguments that the Court ruled on in *Rima*, the Court
10   adopts by reference its analysis and explanation of both the statute and relevant
11   precedents here. It need not repeat that analysis in this order.

12                                    **I.   ORDER**

13   Therefore, it is hereby **ORDERED** that Campbell's motion to dismiss his
14   indictment under the Second Amendment, Dkt. 78, is **DENIED**.

15   Dated this 11th day of April, 2024.

                                    _____
                                    BENJAMIN H. SETTLE
                                    United States District Judge